UNITED STATES BANKRUPTCY COURT   Return Date: 8/24/2006
SOUTHERN DISTRICT OF NEW YORK
_____x

In Re:   Chapter 7

PREM NATH   Index No. 05-25603
_____x

## NOTICE OF MOTION FOR SANCTIONS

**TO ALL PARTIES:**

 **PLEASE TAKE NOTICE** that, a motion pursuant to Bankruptcy Rule 1017 and 362 and 524 will be made as set forth below:

| | |
|---|---|
| JUDGE: | Hon. Adlai S. Hardin, Jr. |
| RETURN DATE AND TIME: | August 24, 2006 9:30 A.M. |
| PLACE: | U.S. Bankruptcy Court<br>300 Quarropas Rd<br>White Plains, NY |
| RELIEF REQUESTED: | A Judgment imposing sanctions and attorney fees |
| BASIS FOR RELIEF REQUESTED: | Bankruptcy Code §362 & §524 |

DATED: July 13, 2006
Spring Valley, NY

      _____/s/_____
      Shmuel Klein (SK 7212)
      Law Office of Shmuel Klein, PC
      Attorney for Debtor
      268 ROUTE 59
      Spring Valley, NY  10977
      (845)425-2510

# **CERTIFICATE OF SERVICE**

I, Shmuel Klein, an attorney admitted to practice in this court affirm under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I am associated with the Law Office of Shmuel Klein located at 268 Route 59, Spring Valley, New York 10977 and I served the within Notice of Motion, Affirmations and Memorandum of Law on July 13, 2006, by depositing a true copy thereof in an post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to:

Portfolio Recovery Associates, LLC  CitiBank, N.A
PO Box 12914  399 Park Avenue
Norfolk, Virginia 23541  New York, New York 10022

NCO Financial Systems Inc.  CitiBank, N.A
507 Prudential Road  PO Box 769004
Horsham, Pennsylvania 19044  San Antonio, Texas 78245

.

33 Whitehall St. 21st Fl
New York, NY 10004

Mark Tulis, Chapter 7 Trustee
120 Bloomingdale Road
White Plains, NY 10605

_____/s/_____
Shmuel Klein

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------X

IN RE:  CASE NO. 05-25603
Prem Nath
Debtor

---------------------------X

## AFFIDAVIT IN SUPPORT OF MOTION
## FOR WILLFUL VIOLATION

  I, Prem Nath, the debtor herein, duly sworn on my oath, states that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. This affidavit is in support of my motion for sanctions and for violation of §362 the Bankruptcy Code. My Chapter 7 case was filed on 10/16/2005 with all schedules, statement of affairs and especially listing CitiBank, NA and NCO Financial Systems, Inc.. My discharge was granted on 3/14/06 also listing CitiBank, NA and NCO Financial Systems, Inc.

2. On or about June 7, 2006 I received a collection notice from NCO Financial Systems, Inc. demanding a claimed balance of $3789.24 for a AT&T CCO account AFTER NCO Financial Systems, Inc. had actual notice of my Bankruptcy. See Exhibit "C" annexed hereto and made part hereof.

3. On or about June 28, 2006 I received a collection notice from Portfolio Recovery Associates, LLC demanding a claimed balance of $5720.42 for a CitiBank account AFTER CitiBank had actual notice of my Bankruptcy. See Exhibit "C" annexed hereto and made part hereof. One of the reasons I filed this bankruptcy petition was to stop the collection efforts of CitiBank, NA and NCO Financial Systems, Inc. and to get a fresh start.

4. This Court sent to CitiBank and NCO Financial Systems, Inc. a Notice of Commencement informing them of the bankruptcy filing. See Exhibit "A" annexed hereto and made part hereof.

5. This Court also sent to CitiBank and NCO Financial Systems, Inc. the signed Discharge for my Bankruptcy. See Exhibit "B".

6. There is no question that these violations are willful. They had ACTUAL knowledge of my filing and refused to abide by the directive. I am very upset because of their treatment of me and this Honorable Court.

WHEREFORE, it respectfully demanded that the Court impose a minimum of $10,000.00 for violation of 362 and an additional $2,000.00 for my attorney fees upon and as the Court may determine.

Dated: July 13, 2006                                             _____/s/_____
                                                                                    Prem Nath

Sworn to, and subscribed July 13, 2006before me
_____/s/_____

Notary

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------X
IN RE:                                          CASE NO. 05-25603
Prem Nath
Debtors
-----------------------------X

## BRIEF IN FURTHER SUPPORT OF MOTION FOR SANCTIONS

COMES NOW SHMUEL KLEIN, attorney for the Debtors, and submits this brief in further support of the motion for sanctions as follows:

This application is about the integrity of this Court's Orders. This Court's Discharge Order is MORE important than this Court's Scheduling Order in an adversary proceeding. The Discharge is the ultimate decree in a Bankruptcy allowing full notice and opportunity to be heard regarding the dischargeability of debts.

Under section by continuing to collect a discharged debt, Portfolio Recovery Associates, LLC , CITIBANK, NA and NCO Financial Systems, Inc. have violated 11 U.S.C. § 524, which provides, in pertinent part:

> A discharge in a case under this title . . . operates **as an injunction** against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . .

The injunction imposed by Section 524 prohibits a creditor from initiating an action that seeks to determine the debtor's personal liability for a debt discharged in a bankruptcy case. In re Hagemann, 86 Bankr. 125, 126 (Bkr. N.D. Ohio 1988) (citing 3 Collier on Bankruptcy P 524.01 at 524-4 (15th ed. 1988)). This Court cannot take violations of the post-discharge injunction lightly. Otherwise, the "fresh start" will never transpire in favor of these or any other debtors.

In re Simonetti, 117 Bankr. 708 (Bankr. M.D. Fla. 1990) a mortgage holder and its counsel were found in contempt and liable for damages by seeking a deficiency judgment in state court on the discharged mortgage liability.

The Supreme Court has declared "a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a 'new opportunity in life and a clear field for future effort, unhampered by pressure and discouragement of preexisting debt.'" Grogan v. Garner, 498 U.S. 279, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991) (citing Local Loan v. Hunt, 292 US 234, 244, 78 LEd 1230, 54 SCt 695 (1934)).

Kimco Leasing, Inc. v. Knee, 144 Bankr. 1001 (N.D. Ind. 1992) held that the discharge injunction is included in the discharge order; willful violation of a court order justifies an exception to the "American Rule" that attorneys fees are generally not recoverable; In re Burson, 107 Bankr. 285 (Bankr. S.D. Cal. 1989) (creditor violated § 524(a)(2) and debtor was permitted to recover reasonable attorney fees incurred; In re Wasp, 137 Bankr. 71 (Bankr. M.D. Fla. 1992) state court action violated § 524(a) and court awarded debtor attorney fees and costs incurred in defending state court action and in seeking relief from bankruptcy court); Behrens v. Woodhaven Ass'n, 87 Bankr. 971 (Bankr. N.D. Ill. 1988), aff'd, 1989 U.S. Dist. LEXIS 2298 (N.D. Ill. 1989) (the court awarded actual damages and attorney fees for the creditor's willful violation of the discharge injunction and contempt); In re Miller, 81 Bankr. 669 (Bankr. M.D. Fla. 1988), later proceeding, In re Miller, 89 Bankr. 942 (Bankr. M.D. Fla. 1988) (attorney ordered to pay $ 7,500.00 in fees and $ 549.85 in costs to the debtors for willful and knowing violations of the post-discharge injunction); In re Roush, 88 Bankr. 163 (Bankr. S.D. Ohio 1988); In re Holland, 21 Bankr. 681 (Bankr. N.D. Ind. 1982) (violation of § 524 is punishable by contempt, award of attorney fees, and costs).

The consequences of violating the automatic stay provisions of § 362(a) are set forth in 11 U.S.C. § 362(h), which provides that:

"An individual injured by any willful violation of a stay provided by this section **shall** recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Portfolio Recovery Associates, LLC , CITIBANK, NA, and NCO Financial Systems, Inc. had actual knowledge of not only the filing but also the fact that the continuation of the foreclosure was a violation of the stay, from the very beginning.

Sanctions for this egregious violation "shall" be imposed upon Portfolio Recovery Associates, LLC , CITIBANK, NA, and NCO Financial Systems, Inc. pursuant to 362(h). They willfully violated the stay and must incur actual and punitive damages of not less than $10,000.00.

WHEREFORE, debtor respectfully demands that the Court find Portfolio Recovery Associates, LLC , CITIBANK, NA , and NCO Financial Systems, Inc. in willful violation of the automatic stay, to release the debtors bank accounts, enforce the automatic stay, and enter judgment in the amount of $10,000.00 plus costs and attorney fees in the amount of $2,000.00 and for such other relief as the Court deems just and equitable.

|  |  |
|---|---|
| DATED: July 13, 2006<br>Spring Valley, NY | Respectfully,<br><br>_____/s/_____<br>Shmuel Klein (SK 7212) Fed Court Only<br>Law Office of Shmuel Klein, PC<br>Attorney for Debtor<br>268 ROUTE 59<br>Spring Valley, NY  10977<br>(845) 425-2510 |